UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MOTOCICLO S.A.,

Chapter 15

Case No.:

      Debtor in a Foreign Proceeding.
_____/

**MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

The Uruguayan Association of Experts ("AUPE"), represented by Daniel Germán and Gabriel Ferreira ("Foreign Representative"), the duly appointed liquidator of Motociclo S.A. (the "Debtor"), files this *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[1], of the Debtor's liquidation proceeding pending before the *Juzgado Letrado de Concursos de 2o Turno* ("Uruguayan Bankruptcy Court"), in the matter styled *Motociclo S.A. Concurso Ley 18387*, under Case No. I.U.E. 2-36285/2018 (the "Motociclo Liquidation"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code. In support of the Motion, the Foreign Representative respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    The Foreign Representative filed the Chapter 15 Petition for Recognition of a

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

Foreign Proceeding (the "Petition") pursuant to section 1504 seeking recognition of the Debtor's Motociclo Liquidation as a "foreign main proceeding" as defined in section 1502(4) . [D.E. 1].

2. The Statement of the Foreign Representative, executed by Daniel Germán as representative of the Foreign Representative (the "Germán Decl."), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3. The order placing the Debtor into liquidation and appointing AUPE as liquidator is attached to the Germán Decl. as Exhibit 1.

4. The Petition, this Motion, and the Germán Decl. demonstrate that the Motociclo Liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5. The Foreign Representative seeks the type of relief that Chapter 15 was designed to provide, and the Motociclo Liquidation, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

7. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

8. Uruguay is the Debtor's center of main interests.

9. The Debtor's registered office is located in Uruguay.

10. Venue is proper in this district under 28 U.S.C. § 1410. The Foreign Representative has retained Sequor Law, P.A. ("Sequor Law"), in this district and Sequor Law holds in its trust

account in this district approximately US$4,500.00 on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## BACKGROUND

11. The factual background underlying this Motion is fully set forth in the Germán Decl., which is incorporated herein by reference. [D.E. 2-1].

12. Motociclo is a bearer shares company that was organized under the laws of Uruguay in 1960. Germán Decl., ¶3. Leonardo Rozenblum and Fabian Rozenblum (the "Rozenblums") are the two sole shareholders and the President and Vice-President, respectively, of Motociclo. *Id.* at ¶¶4-5.

13. Among other things, Motociclo imports and manufactures bicycles, motorcycles, and spare parts. *Id.* at ¶6. Due to declining sales and the contraction of the Uruguayan financial market between 2012 and 2013, Motociclo had to reduce its working capital and restructure its business, including the closure of several of its retail locations. *Id.*

14. Between 2015 and 2016, Motociclo (represented by the Rozenblums) negotiated the restructuring of its debt and an additional US$16,220,000.00 line of credit with certain Uruguayan banks, and the Rozenblums made a US$15,000,000.00 capital contribution in an attempt to ameliorate Motociclo's dire financial situation. *Id.* at ¶¶8-10.

15. The Rozenblums' efforts, however, were not enough to save Motociclo's business. Following Motociclo's issuance of several worthless checks in 2018, Motociclo filed for voluntary bankruptcy in August 29, 2018, which constituted an event of default under the debt restructuring agreement with the banks. *Id.* at ¶11.

16. On September 13, 2018, the Uruguayan Bankruptcy Court issued Decree 2692/2018 commencing Motociclo's liquidation and naming AUPE as liquidator. *Id.* at ¶12. On

September 25, 2018, the Uruguayan Bankruptcy Court ratified AUPE's appointment and removed Motociclo's administrators. *Id.* at ¶13.

17. Subsequently, on October 12, 2018, the Rozenblums filed for voluntary bankruptcy and, on May 22, 2019, the Uruguayan Bankruptcy Court entered an order commencing the bankruptcy and appointing AUPE as the liquidator. *Id.* at ¶14.

18. While the Rozenblums claimed in their bankruptcy filings that Motociclo's insolvency was caused by the banks' coordinated efforts to reduce and/or withdraw Motociclo's lines of credit, the investigation of the Foreign Representative suggests that Motociclo's bankruptcy was caused by (i) the Rozenblum's reckless administration of the business, (ii) improper keeping of accounting records; and (iii) the Rozenblums' extraction of value from Motociclo through what appear to be sham contracts between Motociclo and another company owned and controlled by the Rozenblums. *Id.* at ¶¶16-20.

19. Based on the foregoing, Foreign Representative intends to continue its investigation in the United States to (i) further investigate the circumstances that led to Motociclo's insolvency, (ii) investigate the improper diversion of assets and/or extraction of value from Motociclo, (iii) trace and recover assets belonging to the Debtors, Motociclo, Fabian Rozenblum, and Leonardo Rozenblum; and (iv) investigate potential claims against third parties in order to recover assets and/or value for the benefit of the Debtors' estates. *Id.* at ¶21.

## BASIS FOR RECOGNITION

20. The Foreign Representative has satisfied each of the requirements for recognition set forth in section 1517 of the Bankruptcy Code because (i) the Motociclo Liquidation is a foreign main proceeding, (ii) AUPE, who is filing this Petition and Motion is a foreign representative

under section 101(24), and (iii) the procedural requirements of section 1515 and Bankruptcy Rule 1007 are satisfied.

**A.     The Motociclo Liquidation is a Foreign Main Proceeding Under Section 1502.**

21.     The Motociclo Liquidation, a liquidation proceeding under Uruguay law, qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a collective proceeding providing for the liquidation of the Debtor pursuant to Uruguay Bankruptcy Law No. 18387, which deals with insolvency.

22.     The Motociclo Liquidation further qualifies as a "foreign main proceeding" under section 1502 because the Motociclo Liquidation is a foreign proceeding pending in Uruguay, where the Debtor's registered office is located. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office … is presumed to be the center of the debtor's main interests."). Further, since the commencement of the Motociclo Liquidation, the Foreign Representative engaged in significant tasks in Uruguay in connection to the Debtor's liquidation, such as (i) administration of the Debtor's estate and claims against the Debtor; (ii) sending relevant notices to relevant parties in interest; (iii) obtaining the Debtor's books and records from the Debtor's registered agent; and (v) conducting an investigation relating to the cause of Debtor's bankruptcy, including in coordination with relevant government authorities in Uruguay.

**B.     AUPE is a Foreign Representative Under Section 101(24).**

23.     AUPE qualifies as "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of its appointment as liquidator by the Uruguayan Bankruptcy Court, which grants it the power to, among other things, administer the liquidation of the Debtor's assets and to act as representative of the Motociclo Liquidation.

C. **Motociclo's Liquidation Meets the Procedural Requirements of Section 1515.**

24. As stated above, the requirements of section 1515 are satisfied as the September 13, 2018 order (Decree 2692/2018) commencing the Debtor's liquidation and naming AUPE as liquidator is attached to the Germán Decl. as Exhibit 1.

25. Further, the statements required by section 1515(c) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) are included in the attached Germán Decl.

26. Finally, AUPE submits that section 109(a) of the Bankruptcy Code does not apply herein. To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor has assets in the United States in the form of a retainer with Sequor Law.

## RELIEF REQUESTED

27. By this Motion, the Foreign Representative respectfully requests entry of an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached hereto as **Exhibit "B"**, granting the following relief:

(a) Recognizing the Motociclo Liquidation as a "foreign main proceeding" and AUPE as the Foreign Representative of the Debtor;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c) Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning the rights, obligations or liabilities

of the Debtor, the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtor to the extent not stayed under § 1520(a);

(3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Foreign Representatives;

(6) entrusting the distribution of all or part of the assets of the Debtor located within the United States to the Foreign Representative;

(7) granting comity to and giving full force and effect to any Order entered by the Uruguayan Bankruptcy Court; and

(d) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 23, 2021 Respectfully submitted,

        SEQUOR LAW, P.A.
        1111 Brickell Avenue, Suite 1250
        Miami, Florida 33131
        Telephone: (305) 372-8282
        Facsimile: (305) 372-8202
        Email: edavis@sequorlaw.com
              cvicens@sequorlaw.com

By: */s/ Cristina Vicens Beard*
    Edward H. Davis, Jr.
    Florida Bar No. 896667
    Cristina Vicens Beard
    Florida Bar No.: 111357

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing Verified Petition are true and correct.

Executed in Montevideo on August 23, 2021

By: _____
Daniel German